Filed 3/13/13  P. v. Stafford CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055138 |
| v. | (Super.Ct.No. FSB1102672) |
| DAVID MICHAEL STAFFORD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kenneth Barr, Judge.  Affirmed as modified.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Barry Carlton and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

1

On September 20, 2011, defendant and appellant David Michael Stafford pled guilty to possessing child pornography (Pen. Code, § 311.11, subd. (a)) in exchange for a grant of probation. Defendant agreed to destroy his computers and storage devices and attend sex offender treatment. On October 21, defendant was placed on formal probation for three years. Over defense counsel's objection, the trial court imposed several terms and conditions regarding controlled substances, polygraph testing, possession of sexually explicit items, frequenting places where minors congregate, and possession of contact magazines, restraint equipment and identify concealing items. Defendant appeals, renewing his claims that the objected-to terms were improperly imposed.

## I. FACTS

On September 28, 2010, defendant turned himself in and admitted downloading and possessing child pornography for the past 10 years. Defendant directed an officer to a computer located in his home office and informed the officer that he had given a second computer to a neighbor. The computer and a flash drive were taken from the residence. After contacting the neighbor, a second computer was located. The computers and flash drive were submitted into evidence. On February 2, 2011, the computers were analyzed, and 91 images of children under the age of 18 were found.

## II. PROBATION CONDITIONS

Defendant challenges several of his conditions of probation.

Penal Code section 1203.1 specifically states that in granting probation, the court is to determine what conditions are "fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done

2

to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (Pen. Code, § 1203.1, subd. (j).) The trial court has broad discretion to select appropriate probation conditions in an individual case, those aimed at promoting rehabilitation and the protection of public safety, as expressed in Penal Code section 1203.1. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 (*Carbajal*).)

"The trial court's discretion, although broad, nevertheless is not without limits: a condition of probation must serve a purpose specified in the statute. In addition, we have interpreted Penal Code section 1203.1 to require that probation conditions which regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' [Citation.]" (*Carbajal*, *supra*, 10 Cal. 4th at p. 1121.) Accordingly, a probation condition "will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), fn. omitted.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380 (*Olguin*).)

3

## A. Drug Conditions

The trial court imposed the following drug conditions:

"11)  Neither use nor possess any controlled substance without medical prescription.  A physician's written notice is to be given to the probation officer.

"12)  Submit to a controlled substance test at direction of probation officer.  Each test is subject to an $11.00 fee, to be collected by Central Collections[.]

"13)  Not possess any type of drug paraphernalia, as defined in [Health and Safety Code section] 11364.5(d)[.]

[¶] . . . [¶]

"16)  Not associate with persons known to defendant to be illegal users or sellers of controlled substances, except for those involved in your recovery.

[¶] . . . .[¶]

"37)  Attend NA/AA [Narcotics Anonymous/Alcoholics Anonymous] meetings as directed by the Probation Officer and show proof of attendance to the Probation Department."

According to the probation report, defendant first used marijuana at the age of 18 and continued using until age 24.  During those years, he used marijuana daily and used Ecstasy one time when he was 19.[1]  Defendant denied the use or experimentation with any other illegal drugs and denied drinking alcohol.  In objecting to condition Nos. 11,

---

[1]  While the first page of the probation officer's report states that defendant used marijuana and cocaine, defendant's statement identifies only marijuana and Ecstasy.

4

12, 13, and 37 (requiring attendance at NA/AA meetings),[2] defense counsel argued that such conditions were not related to the crime and defendant was 55 years old and had not used illegal drugs for 31 years. The prosecution argued that due to the nature of the offense and defendant's admitted use of drugs, it was important for probation to ensure he was not using drugs that might limit his inhibition. Although the prosecution included cocaine in the list of drugs used, such inclusion contradicts defendant's statement to the probation officer.

Defendant contends the probation drug conditions constitute an abuse of that discretion. He further claims they are unreasonable and unconstitutional. Defense counsel failed to object to condition No. 16 (formerly condition No. 17), and the People argue error has therefore been forfeited. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 889 (*Sheena K.*).) Defendant nonetheless argues ineffective assistance of counsel. The People have addressed the issue on the merits and, thus, we will do the same.

In this case, the record contains no indication that any controlled substance was involved in defendant's offenses. However, condition Nos. 11 and 13 relate to conduct that is in itself criminal, and thus, may be imposed in the court's discretion. Condition Nos. 12, 16, and 37 are more problematic. These conditions do not involve conduct that is in itself criminal, and there is no evidence that any controlled substance was involved or that defendant was associating with other illegal users or sellers of controlled substances during the commission of the offenses. The only issue, therefore, is whether

---

[2] Initially, these conditions were numbered 12, 13, 14 and 44. After some conditions were stricken, they were renumbered.

the probation drug conditions forbid conduct that is not reasonably related to future criminality. The analysis is highly fact specific. (*People v. Lindsay* (1992) 10 Cal.App.4th 1642, 1644 (*Lindsay*).)

While an argument may be made that condition Nos. 16 and 37 require or forbid conduct related to future criminality, given the facts of this case, these conditions are not reasonably related to the offenses committed by defendant. Defendant's admission was that he committed the offenses in the privacy of his own home, not with others. There is no evidence that he was under the influence of any controlled substance when committing the offenses. And more importantly, he recognized that what he was doing was wrong and took responsibility for his action by turning himself in to the police. In *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (Fourth Dist., Div. Two), overruled on another ground in *People v. Welch* (1993) 5 Cal.4th 228, 237, this court invalidated a condition prohibiting the defendant from possessing or consuming alcohol following his guilty plea to possession of methamphetamine. The defendant had been selling drugs to support a gambling habit; he had been using drugs and alcohol since he was 14, but he was only "a social drinker" who used methamphetamine "sporadically." (*People v. Kiddoo*, *supra*, at p. 927.) This court found no facts to support the conclusion that the prohibited conduct was reasonably related to future criminality, and it struck the condition.

Here, the facts are more compelling to strike the conditions. Condition Nos. 12, 16 and 37 focus on controlled substances and making sure that defendant is removed from illegal users or sellers of controlled substances, or circumstances, which could

6

hinder his rehabilitation. However, there is no evidence that using controlled substances had any connection whatsoever to defendant's crime. Defendant admitted he watched child pornography in the privacy of his own home while sober. Likewise, there is no need for defendant to attend an NA/AA program in order to own an addiction to any controlled substance. Like the fact that there was no issue involving the use of controlled substances, failing to admit what he did was wrong was also not an issue in this case. Defendant turned himself in to the police. His addiction was not for controlled substances. Rather, he was addicted to child pornography. An NA/AA program would not benefit him.

For the above reasons, condition Nos. 12, 16, and 37 violate the *Lent* criteria and are ordered stricken.

## B. Submitting to Random Polygraph Testing

Over defendant's objection, the trial court imposed condition No. 24, which included a requirement that defendant "submit to random polygraph testing by a Probation department approved polygraph examiner at the direction of the Probation Officer, as part of the sex offender surveillance program and be responsible for all costs associated with examinations. Tool—admissibility." On appeal, defendant contends this probation condition "implicates [his] Fifth and Fourteenth Amendment right against self-incrimination and therefore, it must be carefully scrutinized to determine if it is narrowly drawn and reasonably related to a compelling state interest in reformation and rehabilitation."

7

A condition that requires a probationer to submit to polygraph testing as part of a sex offender surveillance program does not in and of itself violate the privilege against self-incrimination. (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321 (*Brown*).) Such condition helps monitor defendant's compliance with probation and is therefore reasonably related to defendant's crime of possessing child pornography. (*Id.* at pp. 319-321; *People v. Miller* (1989) 208 Cal.App.3d 1311, 1314.) Here, while the trial court recognized that the polygraph condition is an appropriate tool which allows probation to ensure that defendant complies with his probation, the court also acknowledged the test is not admissible in court.

Notwithstanding the above, condition No. 24 is unconstitutionally overbroad. In *Brown*, the defendant pled guilty to stalking his former girlfriend while a domestic violence temporary restraining order was in effect. (*Brown*, *supra*, 101 Cal.App.4th at p. 317.) He was placed on probation, and one of his conditions required him to successfully complete a stalking treatment program. (*Ibid.*) In pleading guilty, the defendant stipulated to the facts contained in the police report and preliminary hearing transcript but denied he had engaged in the behavior. He also told the psychologist in charge of the treatment program that he did not belong in the program because he was not a stalker. (*Id.* at p. 318.) The psychologist recommended that the defendant's probation include a polygraph testing condition for purposes of treatment, noting the defendant had attempted to falsify a drug test, denied the major facts of the case, had a psychopathic personality, and had several "'stalking recidivism predictors' . . . ." (*Ibid.*) The trial court then imposed the condition that the defendant "'undergo periodic polygraph examinations at

8

[his] expense, at the direction of the probation officer,'" to further the defendant's successful completion of the stalking therapy program.  (*Id*. at p. 321.)  The trial court declined to place any restrictions on the questions that could be asked during the testing.  (*Ibid*.)  The Court of Appeal found the polygraph testing to be a valid condition since it was reasonably related to the defendant's crime and to possible future criminality.  (*Ibid*.)  However, the court found the condition to be "broadly worded."  (*Ibid*.)  It held that the condition "must limit the questions allowed to those relating to the successful completion of the stalking therapy program and the crime of which [the defendant] was convicted."  (*Ibid*.)

Here, the text of condition No. 24 is similar to the one in *Brown*, except that defendant is ordered to complete a sex offender surveillance program rather than a stalking therapy program.  Like the condition in *Brown*, condition No. 24 does not limit the types of questions that can be asked during the examination and thus is overbroad.  It should be rewritten to limit the questions allowed to those relating to the successful completion of the court-mandated sex offender surveillance program and the crime of which defendant was convicted.  Additionally, the People concede that the requirement that defendant pay the costs of polygraph testing cannot be included in the probation conditions and should therefore be stricken.  (*Brown*, *supra*, 101 Cal.App.4th at p. 321.)  We agree.

Condition No. 24 is modified to read as follows:  "You shall submit to random polygraph testing by a Probation Department approved polygraph examiner at the direction of the Probation Officer, as part of the sex offender surveillance program.  The

9

questions shall be limited to those relating to the successful completion of the sex offender surveillance program and the crime of which you were convicted."

### C. Possession of Sexually Explicit Items, Frequenting Establishments that Sell Such Items, and Using Sexually Oriented Telephone Services

Condition No. 27 requires that defendant "not own, use, or possess any form of sexually explicit movies, videos, material, or devices unless recommended by a therapist and approved by the probation officer. Do not frequent any establishment where such items are primary items viewed, sold at such establishment, and do not utilize any sexually oriented telephone services." At sentencing, defense counsel objected on the grounds that the crime involved children, not adults, and that possession of sexually explicit materials involving adults would be legal and should be acceptable. In response, the prosecution pointed out that, based on the nature of the offense, the condition was an appropriate tool for probation to ensure compliance. The court imposed the condition as "valid and appropriate."

On appeal defendant contends condition No. 27 "is unconstitutionally vague as it does not define the terms 'frequent,' 'sexually explicit,' and 'primary items' and it does not include a knowledge requirement." Furthermore, defendant claims he has no "advance notice of the establishments he is prohibited from frequenting." Defendant also faults the condition for being overbroad in that it "could prevent [him] from entering all movie theaters or video stores . . . depending on the definition of sexually explicit."

"[T]he void for vagueness doctrine applies to conditions of probation. [Citations.]" (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324.) A vagueness

10

challenge is based on the "due process concept of 'fair warning.' [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Therefore, a probation condition "'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' . . . ." (*Ibid*.) In this case, we agree that condition No. 27 is vague because it does not include a definition of "sexually explicit material." The record is void of any advisement as to what the trial court considered sexually explicit material. The condition itself fails to inform subsequent trial courts or probation officers of precisely what constitutes a violation. Nonetheless, defendant's challenged probation condition can easily be remedied on appeal by modification of the condition. (See, e.g., *Sheena K.*, *supra*, at p. 888.) The following language should be added to condition No. 27: "'Sexually explicit' is defined as X-rated movies and items classified as pornography."

Regarding defendant's claim that condition No. 27 is also unconstitutionally overbroad, we disagree. "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Possession of obscene material is protected by the First and Fourteenth Amendments. (*Stanley v. Georgia* (1969) 394 U.S. 557, 568.) We believe the condition as modified above is not overbroad. To provide more clarification by including all of the exclusions to the above condition would present an onerous task. The condition as modified is sufficiently precise for defendant to know what is required of him, is sufficient for future trial courts to determine whether the condition has been violated, and

11

is closely tailored to those limitations on pornography to meet the purpose of the condition. To the extent that it does not, defendant can seek approval from the probation department for such other materials or venues.

Finally, we reject the challenge that condition No. 27 unnecessarily impinges on defendant's First Amendment rights by "unreasonably prohibiting conduct which is legal and normal [by including] any form of sexually explicit movies, videos, materials, or devices unless recommended by a therapist and approved by the probation officer." We note federal case authority that invalidated a similar condition upon a defendant who had been convicted of possessing child pornography. (*United States v. Voelker* (3rd Cir. 2007) 489 F.3d 139, 150-151 [the appellate court found no "nexus" between viewing adult pornography and the goals of supervised release and no evidence that the viewing of adult pornography, a legal activity, had contributed to the defendant's crime, the possession of child pornography].) However, we are not bound by *Voelker*. In any event, we find the case to be factually inapplicable to the circumstances before this court. According to defendant himself, shortly after purchasing a home computer, he began looking at legal pornography and the child pornography would come up. He then started looking at child pornography and continued to do so for 10 years. Clearly, a "nexus" exists between defendant viewing adult pornography and defendant possessing child pornography.

**D. Association with Minors or Frequenting Places Where Minors Congregate**

Condition No. 28 prohibits defendant from "associate[ing] with minors or frequent[ing] places where minors congregate, including but not limited to schoolyards,

12

parks, amusement parks, concerts, playgrounds, swimming pools, and arcades, unless in the company of a responsible adult over the age of 21 who is approved by the probation officer or court, knows of [defendant's] offense(s) and is willing to monitor [his] behavior."

Defendant contends the condition is unconstitutionally vague and overbroad because it infringes on his constitutional freedom to travel, and his constitutional rights of privacy, religion, association and assembly, to a greater degree than is necessary to serve its purpose. The People urge us to reject the contention as meritless because the condition "is tailored to the purpose of the condition, to wit: the compelling state interest of protecting children from [defendant]." We conclude there is merit to both sides of the argument.

Although vagueness and overbreadth are related, they are not identical. The basis of a vagueness challenge is the due process concept of fair warning. (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) "'Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement.' [Citation.]" (*Ibid.*) The overbreadth doctrine requires that, "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Sheena K.*, *supra*, 40 Cal. 4th at p. 890.) However, "[a] statute may not be found constitutionally invalid on overbreadth grounds simply because it is possible to conceive

13

of one or a few impermissible applications . . . ." (*People v. Toledo* (2001) 26 Cal.4th 221, 234-235.)

Here, although condition No. 28 is overbroad and vague, it serves the dual purpose of rehabilitation and public safety by attempting to prevent defendant from engaging in misconduct which could escalate into criminal conduct. Thus, the best solution is to modify the language in condition No. 28 so that it reads as follows: "Do not knowingly contact or associate with minors and stay away from places where you know minors congregate, such as locations especially designated for use by minors, including schoolyards, parks, amusement parks, playgrounds, swimming pools, and arcades, unless accompanied by an informed, responsible adult over the age of 21 who knows of your offense(s) and is willing to monitor your behavior or is approved by the probation officer or court."

**E. Possession of Personal Contact Magazines, Identity Concealing Items, and Items for Sadomasochistic Purposes**

Over defendant's objection, the following conditions were imposed:

"33) Not possess or have access to handcuffs, restraint equipment, or other items that could be used for sadomasochistic purposes.

"34) Not possess personal contact magazines, nor place any ads, nor respond to any ads in such publications unless approved by the probation officer.

"35) Not possess or have access to costumes, masks, or other identity-concealing items unless approved by the probation officer."

14

Defendant contends these conditions (1) have no relationship to the crime of which he was convicted; (2) relate to conduct that is not in itself criminal; and (3) require or forbid conduct that is not reasonably related to future criminality. Moreover, he argues they are unconstitutionally vague and overbroad. The People note the prosecution's argument that these conditions "are specific to the class of crime committed by [defendant] and keep [him] away from items that might tempt [him]." Further, the People argue these conditions "foster [defendant's] rehabilitation and public safety by lessening the likelihood that [he] will be tempted to act out the sexual offenses he previously observed when he possessed child pornography." We agree with defendant.

The record lacks any evidence that defendant's offense involved any of the items identified in condition Nos. 33, 34, and 35. There is no evidence that defendant used any restraint equipment, identity-concealing items, or magazines and ads in violation of Penal Code section § 311.11, subdivision (a). Defendant admitted he viewed child pornography on the internet. He did not admit to using magazines, ads or identity-concealing items to lure children into his home where he restrained them in order to watch them perform sexual acts. Again, we note that our Supreme Court has repeatedly stated the relevant test for the propriety of a probation condition is "reasonableness." (*Olguin*, *supra*, 45 Cal.4th at pp. 383-384.) Because condition Nos. 33, 34, and 35 are

15

not reasonable given the facts of this case, they violate the *Lent* criteria and are ordered stricken.[3]

### F. Submit to Field Interrogation

Condition No. 17 requires defendant to "[s]ubmit to and cooperate in a field interrogation by any peace officer at any time of the day or night." On appeal, defendant contends this condition is unconstitutional because it implicates his right against self-incrimination. Alternatively, he argues it is overbroad and should be modified to read: "Probationer should submit to and cooperate in a reasonable field interrogation by any peace officer. However, when questioned by a peace officer under this condition, probationer is always permitted to invoke his Fifth Amendment right by refusing to answer any question that might be self-incriminating."

Regarding defendant's concern that condition No. 17 implicates his right against self-incrimination, a probation condition is valid under the Fifth Amendment unless there is a reasonable basis for concluding an impermissible penalty has been attached to the exercise of the privilege. (*Minnesota v. Murphy* (1984) 465 U.S. 420, 436-437 (*Murphy*).) *Murphy* sets forth the rule that the Fifth Amendment privilege is not lost when a person is granted probation: A state cannot "constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege." (*Murphy*, *supra*, at p. 438.)

---

[3] Having found these conditions violate the *Lent* criteria, we need not address defendant's claim that they are also unconstitutionally vague and overbroad.

16

In light of this well-settled rule, there is no reasonable basis for concluding that the field interrogation probation condition places an impermissible penalty on defendant's Fifth Amendment privilege. The condition does not compel him to make incriminating disclosures. The condition merely requires him to "[s]ubmit to and cooperate in a field interrogation by any peace officer . . . ." While probationers have long been required to "cooperate" with their probation officers, a probationer is not foreclosed from asserting his Fifth Amendment privilege, and it would not be inherently uncooperative for him to assert that privilege. (See *United States v. Davis* (1st Cir. 2001) 242 F.3d 49, 52 [finding no realistic threat of having the defendant's probation revoked in a requirement to "cooperate" with the probation officer].) Thus, although defendant must cooperate with the police and not walk away, he retains the right to assert the Fifth Amendment, and his probation cannot be revoked based on a valid exercise of that right. (*Murphy*, *supra*, 465 U.S. at p. 434.) Accordingly, we conclude defendant's Fifth Amendment privilege has not been infringed by the field interrogation probation condition.

Regarding the claim that condition No. 17 is overbroad, under the facts of this case, we agree. Although the general propriety of such a term has been recognized, (*Murphy*, *supra*, 465 U.S. at p. 438) it must nonetheless be tailored, so that it is reasonably related to the crime of which defendant was convicted, or to defendant's future criminality. (*Carbajal*, *supra*, 10 Cal.4th at p. 1121; *Brown*, *supra*, 101 Cal.App.4th at p. 321.) Here, defendant is not the typical convicted felon, who in his fifties, has an extensive criminal record. Rather, this is defendant's only conviction. More importantly, defendant was not caught by the police; rather, he turned himself in.

17

While this court has repeatedly held that the language in condition No. 17 is not overbroad, we find the facts currently before us warrant a different holding. A field interrogation probation condition is a correctional tool which can be used to determine whether the defendant is complying with the terms of his or her probation or disobeying the law. (See *People v. Reyes* (1998) 19 Cal.4th 743, 752 [purpose of an unexpected search is to determine not only whether parolee disobeys the law, a basic condition of parole, but also whether he or she obeys the law; the condition helps measure the effectiveness of parole supervision]; *In re Anthony S.* (1992) 4 Cal.App.4th 1000, 1006 [probation is an alternative form of punishment, carrying with it certain burdens, such as a search term, which can be used as a correctional tool].) However, by its current provision, the term allows for defendant to be interrogated as to any subject matter, whether related or unrelated to his conduct. Again, given the facts of this case, we conclude that condition No. 17 should be limited to allow field interrogation of defendant only as it relates to his criminality and compliance with the other terms and conditions of probation. Thus, condition No. 17 is modified to read: "Submit to and cooperate in a reasonable field interrogation by any peace officer, at any time of the day or night, as such interrogation relates to your criminality and compliance with the other terms and conditions of your probation."

## III. DISPOSITION

The judgment is modified, as follows:

(1) Probation condition Nos. 12, 16, 33, 34, 35, and 37 are stricken.

18

(2)  Probation condition No. 24 is modified to read as follows:  "You shall submit to random polygraph testing by a Probation Department approved polygraph examiner at the direction of the Probation Officer, as part of the sex offender surveillance program. The questions shall be limited to those relating to the successful completion of the sex offender surveillance program and the crime of which you were convicted."

(3)  Probation condition No. 27 is modified to add the following language: "'Sexually explicit' is defined as X-rated movies and items classified as pornography."

(4)  Probation condition No. 28 is modified to read as follows:  "Do not knowingly contact or associate with minors and stay away from places where you know minors congregate, such as locations especially designated for use by minors, including schoolyards, parks, amusement parks, playgrounds, swimming pools, and arcades, unless accompanied by an informed, responsible adult over the age of 21 who knows of your offense(s) and is willing to monitor your behavior or is approved by the probation officer or court."

(5)  Probation condition No. 17 is modified to read as follows:  "Submit to and cooperate in a reasonable field interrogation by any peace officer, at any time of the day or night, as such interrogation relates to your criminality and compliance with the other terms and conditions of your probation."

The trial court is ordered to correct its records to reflect these modifications.  As so modified, the judgment is affirmed.  (See *People v. Burden* (1988) 205 Cal.App.3d 1277, 1281.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                                HOLLENHORST
                                                        Acting P. J.

We concur:

        MCKINSTER
                        J.

        CODRINGTON
                        J.

20