[No. D006990. Fourth Dist., Div. One. Nov. 15, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
MATHEW W. BURDEN, Defendant and Appellant.

**COUNSEL**

John W. Breeze and Plourd, Scoville & Breeze for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Rudolf Corona, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WIENER, Acting P. J.**—Between November 1986 and August 1987 Mathew Burden, a phone solicitor and outside salesman, wrote five insufficient-fund checks totalling $3,354.30 to several individuals. An information charged him with five counts of writing checks with insufficient funds (Pen. Code, § 476a, subd. (a)). Burden pleaded guilty to a single count in exchange for dismissal of the remaining counts. At sentencing the court placed him on five years probation on several conditions.

We decide the probation condition prohibiting Burden from "working in a position of outside or commissioned sales" is invalid because that condition prohibits lawful conduct which has no reasonable relationship to the crime of which Burden was convicted and is not reasonably related to future criminality. We therefore strike that condition. In all other respects we affirm the judgment.

### Discussion

■ Although it is well established that courts have broad discretion to impose restrictive conditions to foster rehabilitation and to protect public safety (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727]) that discretion is not boundless. (*People* v. *Keller* (1978) 76 Cal.App.3d 827, 831-832 [143 Cal.Rptr. 184].) The statutory authority of Penal Code section 1203.1 which furnishes and limits the power which the court may exercise is further circumscribed by constitutional considerations. (*Ibid.*) Where a condition of probation requires a waiver of constitutional rights, the condition must be narrowly drawn. To the extent it is overbroad it is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights. (*People* v. *Mason* (1971) 5 Cal.3d 759, 768 [97 Cal.Rptr. 302, 488 P.2d 630].)

The California Supreme Court in *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], citing *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290], articulated the standard for determining whether a sentencing court properly exercised its discretion in imposing probation conditions. ■ "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Ibid.*)

■ Applying that test here, we conclude there is no relationship between the crime of drawing checks on insufficient funds and the probation

condition prohibiting Burden's future employment as a salesperson. While a court may impose a condition of probation which will impinge upon the defendant's scope of employment, the prohibited employment must relate to the crime. In each of the cases cited by the Attorney General, *People* v. *Lewis* (1978) 77 Cal.App.3d 455 [143 Cal.Rptr. 587, 3 A.L.R.4th 1185], *People* v. *Keefer* (1973) 35 Cal.App.3d 156 [110 Cal.Rptr. 597], and *Whaley* v. *United States* (9th Cir. 1963) 324 F.2d 356, the defendant perpetrated the crime *in the course of his business.*

For example in *People* v. *Lewis, supra,* 77 Cal.App.3d 455, the defendant was convicted of four counts of pimping (Pen. Code, § 266h) and placed on probation. The appellate court held the condition of probation prohibiting defendant from working in "bars, taxi cabs or other locations suitable for acting as a pimp" (*id.* at p. 463) was reasonably related to the crime of pimping and to future criminality because the defendant, while working as a cab driver and bartender, had solicited customers for his prostitutes. (*Id.* at pp. 463-464, fn. 5.)

In *People* v. *Keefer, supra,* 35 Cal.App.3d 156, the defendant, owner of a furnace company, was convicted of grand theft. The defendant told various individuals their home furnaces needed to be replaced. The condition of the furnaces was in fact satisfactory. The defendant, purporting to replace their old furnaces with a "new" or "almost new" furnace, actually installed furnaces up to 13 years old. The sentencing court prohibited the defendant from working in the furnace or heating business as a condition of probation. The appellate court concluded the condition prohibiting the defendant from continuing his business appeared reasonably related to the crime of grand theft and was aimed at deterring further criminal activity because ". . . the jury found defendant guilty of a crime practiced by him in the course of his business . . . ." (*Id.* at p. 169.)

Here, although Burden was employed as a phone solicitor and outside salesperson during the months in which he defrauded several landlords, he was not acting in the capacity of a salesperson when he wrote the bad checks.

There is also nothing in the record to support the condition on the ground that the probation condition is reasonably related to future criminality. Admittedly a sales position allows an individual the opportunity to "puff" and to misrepresent his or her financial status. A commissioned salesperson can always claim he or she is about to receive a large commission check. Here, however, there was no evidence Burden misrepresented his earnings as a salesperson. Lacking this factual predicate the reasonable relationship between the condition prohibiting commissioned sales employment and preventing further criminal acts is also absent. Burden could have

been working at any job and perpetrated the same kind of fraud.[1] Thus taken to its logical extreme this type of condition could have been used to prevent Burden from undertaking any compensable employment.

Burden has a constitutional right to employment. ■ A condition which relates to that right must be "necessary to serve the dual purpose of rehabilitation and public safety."[2] (*People* v. *Pointer* (1984) 151 Cal.App.3d 1128, 1139 [199 Cal.Rptr. 357]. " 'If available alternative means exist which are less violative of a constitutional right and are narrowly drawn so as to correlate more closely with the purpose contemplated, those alternatives should be used.'" (*People* v. *Pointer, supra,* 151 Cal.App.3d at p. 1139, quoting *People* v. *Arvanites* (1971) 17 Cal.App.3d 1052, 1062 [95 Cal.Rptr. 493].)

■ Here, in addition to the probation condition which we have discussed, the court prohibited Burden from maintaining a checking or charge account or possessing any checks or credit cards. This probation condition is directly related to the crime of writing bad checks and effectively prevents future acts of this nature.

For all of the foregoing reasons the condition prohibiting Burden from working in commissioned or outside sales was an unnecessary infringement upon Burden's right to work and must be stricken.

### Disposition

The condition of probation prohibiting Mathew Burden from "working in a position of outside or commissioned sales" is stricken. The trial court shall so correct its records. As modified the judgment is affirmed.

Work, J., and Benke, J., concurred.

---

[1] Under analogous circumstances, in *In re Bushman, supra,* 1 Cal.3d 767, 777, the court held a condition of probation requiring the defendant to seek psychiatric care was not reasonably related to future criminality, since there was no showing that mental instability contributed to the offense.

[2] Further, since Burden is a high school dropout, the condition of probation in question severely limits his ability to support himself.