[No. E007405. Fourth Dist., Div. Two. Nov. 27, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDALL MARTIN KIDDOO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 and 2.

**COUNSEL**

Kathleen Bryan, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and Jeffrey J. Koch, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TIMLIN, J.—

*Introduction*

Randall Martin Kiddoo (defendant) has appealed from a judgment entered after he pleaded guilty to a violation of Health and Safety Code section 11377 (possession of methamphetamine). Defendant's guilty plea followed his unsuccessful motion to suppress certain evidence pursuant to Penal Code section 1538.5. Later, imposition of sentence was suspended and defendant was placed on supervised probation for 3 years, subject to various terms and conditions, including 120 days in county jail and 200 hours of community services, which terms were stayed pending finality on appeal. Defendant was also ordered, as a condition of probation, not to possess or consume alcoholic beverages, or to frequent places where such beverages are the chief item of sale. This condition was not stayed pending appeal.

Defendant contends that the trial court erred by denying his motion to suppress because: (1) the affidavit on which the search warrant issued did not contain sufficient information to demonstrate that the informant's information was reliable; (2) the affidavit did not contain sufficient information to demonstrate that the items to be seized were presently located in defendant's apartment; (3) the warrant was too broad; and (4) it was not objectively reasonable for the officer to rely on the search warrant, and therefore, assuming the warrant was in fact defective, the good faith exception could not apply.

Defendant also contends that regardless of the legality of the search, the condition of probation regarding alcoholic beverages was improper.

FACTS

Defendant's apartment was searched pursuant to a warrant issued on the basis of a tip from a confidential informant that defendant and a companion were selling large quantities of methamphetamine from the apartment. The search turned up less than three grams of methamphetamine, five individual

baggies of marijuana, four scales, and paperwork believed to be pay-owe sheets.

Defendant was charged with possession of methamphetamine for sale and possession of marijuana for sale. After defendant's motion to suppress evidence seized pursuant to the warrant was denied, he pleaded guilty to possession of methamphetamine.

DISCUSSION

1., 2.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### 3.   *The Condition of Probation*

Defendant also contends that the condition of probation regarding alcohol was overly broad and not related to his offense.

The People, contend, in response, that defendant waived any objection to this condition by acknowledging in open court that he was aware of all the conditions of probation, explicitly stated his acceptance of them, and failed to object to the particular condition he now challenges. The People cite *People* v. *Bravo* (1987) 43 Cal.3d 600, 608-609 [238 Cal.Rptr. 282, 738 P.2d 336] for this proposition. However, *Bravo* simply held that a probationer could waive his or her Fourth Amendment rights in exchange for the opportunity to avoid serving a state prison term, and that although such a waiver validated a search of the probationer's residence without reasonable cause, it did not validate searches undertaken to harass or for arbitrary or capricious reasons. *Bravo* did *not* hold that a defendant could not object to a condition of probation *on appeal* because he had agreed to such condition without objection below.

Although defendant failed to counter the People's citation to *Bravo* in his reply brief, our own research indicates that a defendant's acceptance of probationary conditions does not operate as a waiver of, or consent to, any fundamental error in the imposition of such conditions. There are two different theories behind the nonwaivability of this error, either of which would be applicable here.

The first theory of nonwaivability is premised on the basic rule that "a law established for a public reason cannot be contravened by a private

---

* See footnote, *ante,* page 922.

agreement." (Civ. Code, § 3513.) In *People* v. *Dominguez* (1967) 256 Cal.App.2d 623 [64 Cal.Rptr. 290], the appellate court implicitly held that the statutory scheme of permitting probation to be imposed on *reasonable* conditions was a law established to further a principle of fundamental public policy, and that therefore a defendant could not waive the right to be subjected only to *reasonable* conditions of probation. (*Id.* at pp. 627-629.) Under this theory, the imposition of an unreasonable condition is an abuse of discretion, and a defendant's failure to object to such abuse below cannot operate as a waiver of the error on appeal.

■ The second theory of nonwaivability is premised on the notion that Penal Code section 1203.1 sets the statutory parameters within which the sentencing court must operate, and that imposition of a condition of probation not authorized by the statute is an act outside of the court's power and hence an act in excess of jurisdiction. (See *People* v. *Burden* (1988) 205 Cal.App.3d 1277, 1279 [253 Cal.Rptr. 130]; *People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 356-357, 361 [201 Cal.Rptr. 187]; *People* v. *Keller* (1978) 76 Cal.App.3d 827, 832 [143 Cal.Rptr. 184].) Generally speaking, an act in excess of jurisdiction is void and cannot be ratified by consent, waiver, or estoppel. (See 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 10, pp. 374-376, and cases cited therein.)

■ The statute states that the court may impose "reasonable" conditions. Case law has held that a condition is *un*reasonable if it (1) has no relationship to the crime of which the defendant is convicted, (2) relates to conduct that is not itself criminal, and (3) requires or forbids conduct that is not reasonably related to future criminality. (See, e.g., *In re Bushman* (1970) 1 Cal.3d 767, 776-777 [83 Cal.Rptr. 375, 463 P.2d 727], disapproved in *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545] to the extent *In re Bushman* stated the three-criteria test in the disjunctive rather than the conjunctive.) Therefore, the imposition of an *un*reasonable condition of probation is "invalid" (*In re Bushman, supra*, at pp. 776-777), and *"beyond the court's jurisdiction"* (*id.* at p. 776) because the court only has the power to impose *reasonable* conditions. Notably, the case relied upon by the People for their waiver argument, *People* v. *Bravo, supra*, 43 Cal.3d at pages 608-609 cites *In re Bushman* without disapproving its holding in this regard.

■ As noted above, an act in excess of jurisdiction is void, and cannot be ratified by waiver, consent or estoppel. Specifically, as to the waiver of error in connection with terms of probation, *People* v. *Keller, supra*, 76 Cal.App.3d 827 held: "The 'waiver' concept . . . fails to take into account the duty, the authority, nondelegable, of the trial court to imprison or grant probation on *lawful* terms. That power does not, cannot, rest on either real

or nominal 'waiver' or 'consent' by the to-be-sentenced defendant. (Polonsky, *Limitations Upon Trial Court Discretion in Imposing Conditions of Probation* (1974) 8 Ga.L.Rev. 466, 483 . . . .) However, by accepting the benefits of probation a defendant does not waive the right to urge the invalidity of an improper, a *void*, condition on direct appeal from that judgment or on habeas corpus (*In re Bushman*, 1 Cal.3d 767, 776 . . . ; *People* v. *Dominguez*, 256 Cal.App.2d 623, 629 . . .) . . . ." (*Id.* at pp. 832-833, fn. 2, italics added.)[1]

■ We therefore conclude, under either theory of nonwaivability, that defendant is not foreclosed from raising this issue on appeal, despite the fact that he did not object to the challenged condition below.

■ The question then remains, is the condition valid or not? It is only invalid if it has no relationship to the crime of which defendant was convicted, *and* if it relates to conduct which is not itself criminal, *and* if it forbids conduct which is not reasonably related to future criminality.

Defendant was charged with possession for sale of methamphetamine and possession for sale of marijuana. He pleaded guilty to possession of methamphetamine. He stated to the probation officer that he had become involved in the sale of drugs to support a gambling habit. The probation report stated that he had used marijuana, methamphetamine, amphetamine, cocaine and alcohol since he was 14, that he had "no prior problem," that he was a social drinker, and used methamphetamine sporadically. His prior convictions consisted of the unlawful taking or driving of a motor vehicle when he was 15, and possession of marijuana at the age of 22. At the time the report was prepared, defendant was 33 years old. There is nothing in the probation report, or anywhere else in the record, which indicated that alcohol was related to the crime for which defendant was convicted.

Furthermore, alcohol possession and consumption, and frequenting places where alcoholic beverages are the chief item of sale, are not criminal. Therefore, the condition that defendant neither possess nor consume alcoholic beverages, and that he not frequent places where they are the major item of sale, to be valid, must reasonably be related to future criminal

---

[1] *People* v. *Walmsley* (1985) 168 Cal.App.3d 636, 640 [214 Cal.Rptr. 170] *implies* that the failure to object to a condition of probation at the time of the sentencing hearing operates as a waiver of the issue on appeal, but it does not actually so hold. (See also *People* v. *Mitchell* (1981) 125 Cal.App.3d 715, 718-719 [178 Cal.Rptr. 188], in which defendant failed to object to a condition of probation either at the sentencing hearing *or* on appeal from the sentence, but instead waited until he violated the condition, went through a revocation of probation proceeding at which he also failed to raise the issue, and then raised it on appeal from the order revoking probation and committing him to state prison. Held, the issue need not be considered by the appellate court.)

activity. There is no factual indication in the record that the proscribed behavior, in defendant's case, is reasonably related to future criminal behavior. The condition is therefore invalid, and we shall strike it.

## DISPOSITION

That portion of the order prohibiting defendant from possessing or consuming alcoholic beverages, and from frequenting places where such beverages are the chief item of sale as a condition of probation is stricken. The judgment is otherwise affirmed.

Dabney, Acting P. J., and Sullivan, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied February 13, 1991. Panelli, J., was of the opinion that the petition should be granted.

---

* Assigned by the Chairperson of the Judicial Council.