[No. A054395. First Dist., Div. Three. Apr. 1, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
REGINALD PATILLO, Defendant and Appellant.

## COUNSEL

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, and Ronald E. Niver, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WERDEGAR, J.**—Defendant pled no contest to one count of sale of cocaine (Health & Saf. Code, § 11352) and was placed on probation for a period of three years. Among the probation conditions was a requirement that he participate in an AIDS education program. On appeal defendant contends imposition of this condition was improper because he was convicted of selling, rather than using or possessing, illegal drugs. We hold that the AIDS education condition is within the sentencing court's discretion where, as here, the record supports an inference that the probationer's criminal conduct could expose the probationer or others to risk of HIV infection. We affirm.

### FACTS

According to testimony at the preliminary examination, in November 1990 defendant sold a rock of cocaine to an undercover officer on a Berkeley street corner. The probation officer's report shows defendant's involvement with illegal drugs may have begun as early as 1982, when he was first arrested for possession of cocaine for sale. In 1986 he was convicted of possession for sale and placed on probation. At that time he told the probation officer he had been freebasing cocaine and using marijuana. While on probation he tested positive for cocaine several times; the probation officer described him as a "heavy user of cocaine." He was sent to state prison and eventually paroled. He was subsequently found to have violated

his parole by possessing heroin. (The date of this violation is not clear from the record.) Despite defendant's statement that he did not currently use cocaine or heroin, the probation officer concluded "[h]is main problem appears to be that of drug abuse." The officer recommended defendant's probation be conditioned by several requirements related to potential drug use, including testing, counseling, and participation in an AIDS education program. After a hearing, at which defendant did not object to any of the conditions, the court imposed the recommended conditions.

## DISCUSSION

In granting probation the court may impose any "reasonable conditions" in the interests of justice, for amends to society, for redress of the victim's injuries, and for reformation and rehabilitation of the probationer. (Pen. Code, § 1203.1.) The statute confers broad discretion on the trial courts to determine what conditions will best promote rehabilitation and protect the public. (*People* v. *Bauer* (1989) 211 Cal.App.3d 937, 940 [260 Cal.Rptr. 62].) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], quoting in part *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)

Participation in an AIDS education program is reasonably related both to the crime for which defendant was convicted, sale of cocaine, and to the future criminal conduct for which defendant is at risk. Defendant was convicted of selling cocaine, apparently in smokable form. But as this court has previously noted, cocaine powder may also be dissolved in water and injected into the bloodstream; many users also combine it with heroin in a single injection known as a "speedball." (See *People* v. *Davis* (1979) 92 Cal.App.3d 250, 255 [154 Cal.Rptr. 817]; see also *People* v. *Dyer* (1988) 45 Cal.3d 26, 42 [753 P.2d 1] ["speedball" is injectable combination of cocaine and heroin].) Sale of cocaine, then, is an offense which can create a risk that others—the consumers of the drug—will be exposed to HIV infection through the needles used for intravenous injection.

The relationship of AIDS education to possible future criminality is even clearer. As revealed in the probation officer's report, defendant has a long

history of using and selling illegal drugs; this background includes use and sale of cocaine and possession of heroin, a drug that is commonly taken through intravenous injection. The trial court could reasonably anticipate a danger that, at some future time, defendant will be tempted to sell or to consume an injectable drug, thereby putting himself or others at risk for HIV infection. If a program of AIDS education dissuades defendant from such criminal behavior, the court will have succeeded, albeit to a small extent, in both protecting the public and reforming the probationer.

 "Probation is granted in hope of rehabilitating the defendant and must be conditioned on the realities of the situation, without all of the technical limitations determining the scope of the offense of which defendant was convicted." (*People v. Miller* (1967) 256 Cal.App.2d 348, 356 [64 Cal.Rptr. 20].) The fact that defendant's offense did not involve intravenous drug use did not in itself make imposition of the AIDS education condition an abuse of discretion. A trial court may properly go beyond the exact confines of the current offense to consider all the relevant circumstances regarding the probationer. (See, e.g., *People v. Smith* (1983) 145 Cal.App.3d 1032, 1033-1035 [193 Cal.Rptr. 825] [requirement that probationer, convicted of possessing phencyclidine (PCP), abstain from alcohol use held proper condition in light of probationer's emotional instability, poorly integrated personality, and "the nexus between drug use and alcohol consumption"].)

Our reasoning and conclusion are strongly supported by *People v. Henson* (1991) 231 Cal.App.3d 172 [282 Cal.Rptr. 222]. In *Henson*, the defendant was convicted of possessing methamphetamine, which she testified she had been ingesting nasally for several months. (*Id.* at p. 181.) As a condition of probation, the trial court ordered that she participate in an AIDS education program pursuant to Penal Code section 1001.10 (hereafter § 1001.10).[1] On appeal, the defendant challenged the condition on the ground that section 1001.10 mandates AIDS education only for probationers whose drug offense involved intravenous use of a controlled substance. (*Id.* at p. 176.) The appellate court agreed. (*Ibid.*) The court held, however, that although no evidence suggested defendant was using drugs intravenously, conditioning

---

[1]Section 1001.10 provides: "(a) The judge shall require any person described in subdivision (b), as a condition of either placing the person on probation or of permitting the person to participate in a drug diversion program to agree to participate in an AIDS education program. Testing for AIDS antibodies shall be offered but no person described in subdivision (b) shall be required to be tested. [¶] (b) This section shall apply to any person who has either been placed on probation or granted diversion for, any of the following: [¶] (1) A violation of subdivision (a) of Section 11350 of the Health and Safety Code, subdivision (a) of Section 11377 of the Health and Safety Code, Section 11550 of the Health and Safety Code, Section 4143 or 4149 of the Business and Professions Code, or of subdivision (f) of Section 647 if the offense involves intravenous use of a controlled substance. [¶] (2) A violation of subdivision (a) or (b) of Section 647."

her probation on participation in an AIDS education program was not an abuse of discretion. "While there may be no natural progression from nasal ingestion of methamphetamine to injecting it, it is an alternative method of sorption that might be readily available to appellant through her drug connection(s)." (*Id.* at p. 181.) Noting that one of the stated legislative purposes of the AIDS education program was to prevent HIV infection through discouraging the use of needles, the *Henson* court concluded that imposition of the education condition was "a reasonable attempt to deter a woman who was not known to have used intravenous drugs but reasonably might be considered at risk of beginning such means of ingestion because of her long-term use of a drug capable of intravenous injection." (*Id.* at p. 182.)

As in *Henson*, defendant here was at risk for future intravenous drug use. The sentencing court could reasonably find he was a long-term user of cocaine, which is capable of intravenous injection, and heroin, which is commonly used in that manner. He also had a history of commerce in illegal drugs, which could put his future customers at risk of infection.

Defendant argues that the Legislature, by mandating participation in AIDS education only for probationers convicted of possessory offenses involving intravenous use of a controlled substance (§ 1001.10; see *Henson, supra,* 231 Cal.App.3d at pp. 175-181), has determined that no connection exists between AIDS and a conviction for *sale* of illegal drugs. He reads section 1001.10 too broadly. That statute reflects the Legislature's judgment that, for all possessory offenses involving intravenous injection, the risk of AIDS is sufficiently serious to mandate participation in an educational program. Nothing in the statute, however, suggests a legislative finding that in no other cases would education be called for. Nor does the statute purport, except in the mandated cases, to take from trial judges their traditional discretion to determine, by considering the circumstances and background of the probationer as well as the facts of the offense, what conditions will best serve to reform the probationer and protect society. (See *Henson, supra,* at pp. 181-182.)

The legislation that added section 1001.10 to the Penal Code was intended to help combat the AIDS epidemic by extending education and counseling to intravenous drug users and prostitutes, who are not easily reached by other methods. (Stats. 1988, ch. 1243, § 1, p. 4130.) Defendant's interpretation, under which AIDS education could not be required of many probationers even when the record shows the possibility they will put themselves or others at risk of HIV infection, would operate to defeat section 1001.10's remedial purpose.

Defendant also relies on cases holding various probation conditions unreasonable. (*In re Bushman* (1970) 1 Cal.3d 767 [463 P.2d 727]; *People*

*v. Kiddoo* (1990) 225 Cal.App.3d 922 [275 Cal.Rptr. 298]; *People* v. *Dominguez, supra*, 256 Cal.App.2d 623.) These cases are readily distinguishable. In *Bushman*, a requirement that the probationer obtain psychiatric treatment was held unreasonable; the Supreme Court found nothing in the record to show that the probationer needed psychiatric care or that mental instability had contributed to his offense. (1 Cal.3d at p. 777.) In contrast, the present record does show defendant's history of involvement with cocaine and heroin, providing a reasonable basis to conclude he is in need of AIDS education.

In *Kiddoo*, the appellate court found no connection between the probationer's conviction for possession of methamphetamine and a condition that he not possess or consume alcohol or frequent places where it was sold. The court also found no relationship "in defendant's case" between alcohol use and future criminal behavior. (225 Cal.App.3d at pp. 927-928.) As the *Kiddoo* court's language suggests, each case must be taken on its own facts; here, as already discussed, the record does show a connection between AIDS and possible future criminality.

Finally, in *Dominguez*, a prohibition on becoming pregnant outside of marriage was held unreasonable as a condition of probation for a conviction of robbery. (256 Cal.App.2d at p. 627.) Defendant points to the appellate court's holding that probation conditions unrelated to past or future criminality cannot be used as a tool to further the general public interest (in *Dominguez*, the interest in reducing public welfare expenses). (*Id.* at p. 628.) We do not disagree with this statement; rather, we find here a reasonable relationship between the public interest served (AIDS prevention through education) and defendant's past and possible future criminal behavior.

We do not hold that every person convicted of selling illegal drugs may be required to participate in an AIDS education program. But where the circumstances of the offense, the history of the offender, or both, show a possibility of past or future involvement with intravenous injection of controlled substances, inclusion of AIDS education in the conditions of probation is not an abuse of discretion.

The judgment of the trial court is affirmed.

Merrill, J., concurred.

**WHITE, P. J.**—I respectfully dissent.

I start with the established rule that imposition of a condition of probation not authorized by statute is an act outside of the court's power. (*People* v.

*Kiddoo* (1990) 225 Cal.App.3d 922, 926 [275 Cal.Rptr. 298]; *People* v. *Burden* (1988) 205 Cal.App.3d 1277, 1279 [253 Cal.Rptr. 130].) I find no statutory authorization for defendant's challenged condition of probation.

Penal Code section 1001.10[1] provides no authority for imposition of an AIDS education condition of probation in this case. That statute mandates participation in an AIDS education program for persons placed on probation or granted diversion as a result of violating various enumerated offenses, including *possession* of designated controlled substances, if the conviction involves intravenous use of a controlled substance. Significantly, the statute does not include individuals convicted of transporting or selling narcotics. I am consequently guided by the well-known maxim *inclusio unius est exclusio alterius*; if the Legislature intended persons convicted of drug sales to be included with those who must attend an AIDS education program, it would have so stated.

Nor can my colleagues rely on section 1203.1 to authorize the condition. As they acknowledge, a condition of probation that requires or forbids conduct which is not itself criminal is only valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) Neither relationship exists in the case at bench.

Defendant pled guilty to the sale of rock cocaine. (Health & Saf. Code, § 11352.) Possession and/or use of the narcotic is not an element of this offense. Moreover, the majority goes outside the record, to other reported cases, to reach its conclusion that cocaine combined with heroin may be used intravenously and thus relates to AIDS education. It strains credence to assert the facts of other criminal cases relate to defendant's offense.

The majority's discussion of the relationship of AIDS education to possible future criminality is also sheer conjecture. They look to defendant's past history of drug possession and sale, and one instance of possession of heroin, and anticipate that at some future time he "will be tempted to sell or consume an injectable drug, thereby putting himself or others at risk for HIV infection." First, the *sale* of narcotics does not proximately put others at risk for HIV infection. Second, the possibility of defendant using drugs intravenously is mere speculation.

The majority rely on *People* v. *Henson* (1991) 231 Cal.App.3d 172 [282 Cal.Rptr. 222], for the proposition that the court has discretion to impose an

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

AIDS education program as a condition of probation in the absence of finding intravenous drug use. I find that case distinguishable. Henson was convicted of possession of methamphetamine, one of the enumerated felonies in section 1001.10. Moreover, unlike cocaine, methamphetamine is commonly intravenously injected.

While I agree AIDS education is of critical importance to the public in general, I am reluctant to impose it as a condition of probation for an offense not listed in section 1001.10. Therefore, I would strike the condition.

A petition for a rehearing was denied April 23, 1992, and appellant's petition for review by the Supreme Court was denied June 25, 1992.