Filed 12/22/15  P. v. Viau CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CHARLES VIAU,<br><br>        Defendant and Appellant. | A142370<br><br>(San Mateo County<br>Super. Ct. No. SC078813A) |

Daniel Charles Viau pleaded no contest to one count of assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and was placed on probation.  On appeal, Viau seeks modification of gang-related probation conditions he contends are vague and overbroad.  He also argues the sentencing court's order should be modified to clarify that certain probation-related fees are imposed as a separate order, not as conditions of probation.  We will order modification of certain probation conditions and direct correction of the record.  We otherwise affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

In April 2013, the victim encountered a group of four men while walking to pick up his car.  He recognized one of the men and stopped to shake his hand.  The victim then recognized Viau, as Viau used to date the girlfriend of the victim's identical twin brother.  Viau asked the victim if he was his twin brother and accused him of being the reason he

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts are taken from the probation report.

1

could no longer see his son. Viau suddenly approached with clenched fists. The victim tried to walk away, but Viau lunged towards him and began throwing punches. The victim leaned down and held his arms over his head. Viau grabbed the victim by the torso, lifted him up in the air, and then slammed him into the concrete. The victim landed on his right arm—causing it to break—and then got up and ran away.

Several police officers responded to the scene. The victim was found to be in extreme pain, with a deformed lower right forearm and wrist. Viau was located and identified a short distance away, in the company of several Norteño gang members. After being arrested, Viau told officers, "you know what happens to snitches," and stated that he would "take care" of the victim once he got out.

Viau was charged by information with assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count one) and battery resulting in serious bodily injury (§ 243, subd. (d); count two). Viau entered a plea of no contest to count one in exchange for dismissal of count two and an agreement that he would serve no more than nine months. The trial court explained the potential sentence and that, among other consequences, Viau could serve up to four years in state prison and be required to pay fines that would not exceed $20,000. Viau agreed to proceed and entered his no contest plea, which the trial court accepted.

In advance of sentencing, a probation report was prepared that included details of Viau's gang involvement. Viau was known to be a motorcycle gang member. At the time of the attack, Viau was wearing a black leather vest with red and black patches containing a skull. Approximately a month after the assault, the victim reported that a group of men had shouted and taunted him as he walked with his daughter. One of the men shouted, "Did you hear that Daniel is locked up?" Another of the men responded, "Some motherfuckin' snitch put him in there." The victim was fearful for his and his daughter's safety and was ultimately placed in a witness relocation program.

Officers also contacted the mother of Viau's child, who indicated Viau had attempted to become a member of the Hells Angels Outlaw Motorcycle Gang. When he was denied membership, he remained an active member of the Bay Riders Outlaw

2

Motorcycle Gang (Bay Riders). In 2012, the family court ordered Viau, at the mother's request, to not associate with other Bay Riders members or wear his Bay Riders vest or colors when the child was in his care. The probation report recommended Viau pay certain fees and fines and be admitted to three years supervised probation, subject to certain conditions, including gang conditions.

At sentencing on May 30, 2014, Viau's trial counsel asked the court to either strike the gang conditions or modify them so as to require Viau not knowingly be a member of any criminal street gang as defined under the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.). Defense counsel explained: "The Bay Riders is not a motorcycle gang. There has never been a single member that has been convicted under . . . section 186.22 in the State of California. . . . [¶] [A]s long as this club does not qualify under . . . section 186.22 . . . [Viau] has a constitutional right to be a member of the club. And as long as it's not a criminal street gang under [section] 186.22 then he should be allowed to continue to be a member of the club." The trial court disagreed and ultimately gave Viau the choice to accept the gang conditions or withdraw his plea. After conferring with counsel, Viau chose to accept the gang conditions and go forward with sentencing.

The trial court suspended imposition of sentence and placed Viau on three years' probation conditioned on his serving eight months in county jail. Among other probation conditions, the trial court ordered: "You are not to be a member of any gang," "[y]ou are not to associate with any person known to be a gang member," "[y]ou are not to wear or display any gang colors, clothing, or insignia," and "[y]ou are not to frequent any areas of gang-related activity." The court also ordered Viau to pay, among other fines and fees, a probation supervision fee of $100 per month, a court security fee of $40, and a $30 criminal assessment fee. Viau filed a timely notice of appeal.

## II. DISCUSSION

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions. [Citations.] The primary goal of probation is to ensure '[t]he safety of the public . . . through the

3

enforcement of court-ordered conditions of probation.' [Citation.] . . . [¶] In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to . . . section 1203.1." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) The sentencing court has authority to impose any "reasonable" conditions it "may determine are fitting and proper to the end that justice may be done." (§ 1203.1, subd. (j).)

Viau concedes the gang-related conditions are reasonable. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624–626 (*Lopez*).) Instead, he maintains the following conditions of probation are vague and overbroad: (1) "You are not to be a member of any gang"; (2) "You are not to associate with any person known to be a gang member"; (3) "You are not to wear or display any gang colors, clothing, or insignia"; and (4) "You are not to frequent any areas of gang-related activity."[3] He also argues the record should be modified to clarify that certain probation-related fees are imposed via separate order, not as conditions of probation.

Under the void for vagueness doctrine, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) The doctrine invalidates a condition of probation " ' "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Ibid.*) By failing to clearly define the prohibited conduct,

_____

[3] The corresponding conditions in the unsigned minutes differ slightly. Because the parties agree the oral statement should govern, we review the probation conditions as stated in the reporter's transcript. (See *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586 [when reporter's and clerk's transcripts differ, "the modern rule is . . . adoption of the transcript due more credence under all the surrounding circumstances"]; *People v. Smith* (1983) 33 Cal.3d 596, 599; *People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2 ["criminal court's oral pronouncement of sentence may control over a conflicting document, such as a minute order or an abstract of judgment, but that is because the oral pronouncement constitutes the rendition of judgment and the written document is ministerial"]; but see *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 [oral pronouncement controls].)

4

a vague condition of probation allows law enforcement and the courts to apply the restriction on an " ' "ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.,* italics omitted.)  "Absolute certainty and precision are not required to avoid a claim of unconstitutional vagueness; ' " ' "[r]easonable certainty" ' " ' and ' "reasonable specificity" ' are all that is required." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 914, italics omitted (*Victor L.*).)  Vagueness claims may be raised for the first time on appeal.  (*Sheena K.,* at p. 889.)

The overbreadth doctrine is distinct.  It requires conditions of probation that impinge on constitutional rights be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.  (*Sheena K., supra*, 40 Cal.4th at p. 890; *In re Luis F.* (2009) 177 Cal.App.4th 176, 189.)  However, "probation is a privilege and not a right, and . . . adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights . . . ."  (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)  A probation condition that infringes a constitutional right is permissible if " 'necessary to serve the dual purpose of rehabilitation and public safety.' "  (*People v. Burden* (1988) 205 Cal.App.3d 1277, 1281.)  " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' "  (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)  "Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo."  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 765.)

A.	*First Condition—"You are not to be a member of any gang"*

Viau first challenges the condition prohibiting membership in "any gang."  He argues the condition is vague and overbroad because "gang" is not defined via incorporation of the definition of criminal street gang contained in section 186.22,

5

subdivisions (e) and (f).[4]  Viau maintains he could be found to have violated his probation by associating with groups of people that do not meet the statutory definition of criminal street gang, such as the Bay Riders.  According to Viau, forbidding him from association or membership in Bay Riders impermissibly burdens his freedom of association.  He asks us to modify the condition to include the statutory definition of "a criminal street gang," as well as a scienter requirement.  The People disagree.  They argue, "Even if [the Bay Riders and Hells Angels are] not technically street gangs, [Viau's] affiliation with those organizations interfered with his family life and his lawful conduct."

Viau relies on *Lopez, supra*, 66 Cal.App.4th 615, where the court considered overbreadth and vagueness challenges to conditions that prohibited a defendant, who was an admitted Norteño, from associating with gang members and from displaying gang indicia.  The *Lopez* court concluded the conditions were unconstitutionally overbroad because they prohibited the defendant from associating with persons and displaying indicia not known to him to be gang-related.  (*Id.* at pp. 627–629.)

The *Lopez* court rejected an argument similar to that raised by Viau—that the prosecution had the burden at sentencing to prove the Norteños or any other gang had engaged in criminal activity.  (*Lopez, supra,* 66 Cal.App.4th at p. 629.)  It explained:  "To compel the prosecution to prove at sentencing which groups are 'gangs' within the ambit

---

4 Section 186.22, subdivision (f) provides:  "As used in this chapter, 'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity."
" '[P]attern of criminal gang activity' means the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of [certain identified crimes], provided at least one of these offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses were committed on separate occasions, or by two or more persons . . . ."  (§ 186.22, subd. (e).)

of the condition is equivalent to requiring the prosecution to prove at sentencing which persons are 'users and sellers of narcotics, felons and ex-felons' [citation] or possessors of a 'criminal record' [citation] with whom a defendant may not associate as a condition of probation. Such a demand is obviously impractical and likely impossible. No case we know of has saddled the prosecution with any such burden, and neither will we. An otherwise proper probation condition need only articulate a standard of conduct of sufficient precision to inform the defendant of what is required of him or her and to allow the court to determine whether a violation has occurred." (*Ibid.*)

Nonetheless, the *Lopez* court concluded that the condition was vague because the word "gang" was, on its face, uncertain. (*Lopez, supra,* 66 Cal.App.4th at pp. 629–631.) The court observed: "Although 'gang' has in the recent past likely acquired generally sinister implications, the word has considerable benign connotations." (*Id.* at p. 631.) Because the condition's rehabilitative purpose "would hardly be served by preventing [the defendant] from associating with or displaying insignia of groups which engage in only lawful conduct," the condition was modified to make clear that "gang" was intended to apply "only to associations which have for their purpose the commission of crimes." (*Id.* at pp. 632, 638.) Specifically, the court modified the condition to incorporate a knowledge requirement and the statutory definition of a criminal street gang. (*Id.* at pp. 622, 634, 638.)

More recently, the Second District Court of Appeal found, in dictum in *In re Justin S.* (2001) 93 Cal.App.4th 811 (*Justin S.*), no need to include a reference to the statutory definition within a probation condition prohibiting association with "gang members" because "[t]he definition is . . . fairly implied in the [probation] condition." (*Id.* at p. 816, fn. 3; see *Victor L., supra,* 182 Cal.App.4th at p. 914 [no need to incorporate statutory definition of "criminal street gang" because it was "obvious that the juvenile court intended only to ban [the defendant] from places involving activity by 'sinister' gangs"].)

Here, in contrast to *Lopez, supra,* 66 Cal.App.4th at pp. 622, 638, a knowledge requirement is unnecessary. The condition challenged by Viau involves *his own* gang

7

affiliation and membership, not the affiliation of another person, which may not be apparent. We also agree with the *Justin S.* court that "the definition [of gang] is . . . fairly implied in the [probation] condition." (*Justin S., supra,* 93 Cal.App.4th at p. 816, fn. 3.) There was discussion at sentencing regarding whether Bay Riders would qualify as a gang under section 186.22 or could be characterized as a benign "club." As we read the record, the trial court rejected the distinction. The trial court responded: "Probation doesn't have to prove anything [regarding the sinister nature of Bay Riders]. . . . [¶] What I want to see is that [Viau] not belong to a gang and participate in gang-related behaviors that includes some of the things that the victim came to talk about, that people were trying to intimidate him, or call him a snitch . . . . That he has had to physically relocate out of fear. That's what gangs do unfortunately. [¶] And [Viau] apparently . . . has gang-related tattoos. [¶] . . . [¶] So those are indicators that he's active in participating in a gang. And that's a problem if he's going to be on probation."

Clearly the court was concerned with groups engaged in criminal activity. Furthermore, in light of the family court order, it appears that Viau already knew he should not have contact with the Bay Riders. On this record, it strains credulity to suggest the meaning of the word "gang" is anything other than a group whose members engage in a pattern of criminal activity. If Viau is faced with an allegation that he violated the terms of his probation, we are confident that any court will similarly construe the meaning of "gang." The probation condition is " 'sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) The limit on Viau's freedom of association may be upheld because it is " 'reasonably necessary to accomplish the essential needs of the state.' " (*People v. Peck* (1996) 52 Cal.App.4th 351, 363.) We deny Viau's request to modify the gang membership probation condition.

B.     *Second Condition—"You are not to associate with any person known to be a gang member"*

Viau next contends that the prohibition on association "with any person known to be a gang member" is vague and overbroad for similar reasons. We need not readdress

the challenge we have already rejected regarding the definition of "gang." However, the People concede that the condition is defective because it lacks an explicit requirement that *Viau* have knowledge a person with whom he associates is a gang member. (*Lopez, supra,* 66 Cal.App.4th at p. 638; *People v. Leon* (2010) 181 Cal.App.4th 943, 949–950.) Accordingly, we will modify the condition to read, "You are not to associate with any person whom you know to be, or whom the probation officer informs you is, a gang member."

C.   *Third Condition—"You are not to wear or display any gang colors, clothing, or insignia"*

Viau raises the same challenge to the prohibition on wearing or displaying "any gang colors, clothing, or insignia." The People again concede that the condition is defective because it lacks an explicit requirement that Viau have knowledge of any article's gang significance. (*Victor L., supra,* 182 Cal.App.4th at p. 911; *People v. Leon, supra*, 181 Cal.App.4th at pp. 950–951.) Accordingly, we will modify the condition to read, "You are not to wear or display any colors, clothing, or insignia that you know or that the probation officer informs you have gang significance."

D.   *Fourth Condition—"You are not to frequent any areas of gang-related activity"*

Viau contends that the condition forbidding him from "frequent[ing] any areas of gang-related activity" is similarly vague and overbroad. The People also concede that this condition is defective because it lacks an explicit scienter requirement and because the word "frequent" is obscure. (See *People v. Leon, supra,* 181 Cal.App.4th at p. 952; *In re H.C.* (2009) 175 Cal.App.4th 1067, 1072.) We agree with the People's concession and, following *Victor L., supra*, 182 Cal.App.4th 902, go one step further.

In *Victor L., supra*, 182 Cal.App.4th 902, Division Two of this court considered a condition in which the defendant was ordered to stay away from " 'areas known by [him] for gang-related activity.' " (*Id.* at p. 913, fn. omitted.) The court held that, "*even with a knowledge requirement*, the gang-related activities condition is impermissibly vague in that it does not provide notice of what areas he may not frequent or what types of activities he must shun." (*Id.* at p. 914, italics added.) "The ambiguity of the chosen

9

language conjures up divergent possible definitions of the term 'gang-related activity,' and reasonable minds may differ as to precisely which 'areas' would come within the condition's purview." (*Id.* at p. 916.) Because the probation officer is in a better position than the juvenile court to identify the forbidden areas, the *Victor L.* court modified the condition to prohibit the minor's presence in "areas known by [him] for gang-related activity (or specified by his probation officer as involving gang-related activity)." (*Id.* at pp. 918–919, 931–932.) Accordingly, we will similarly modify Viau's probation condition to read, "You are not to visit or remain in any area which you know to be, or which the probation officer informs you, is an area of gang-related activity." (See *Leon,* at p. 952; *H.C.* at p. 1072*; Victor L., supra,* 182 Cal.App.4th at pp. 918, 931–932.)

E.      *Fees as Probation Conditions*

Finally, Viau contends that the trial court's order must be modified to make clear that the supervised probation fee, court security fee, and criminal assessment fee are not imposed as conditions of probation. Orders imposing payment of such fees and costs as conditions of probation, rather than as separate orders, have been modified on appeal despite the defendant's failure to raise the issue in the trial court. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842; *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402–1403 (*Pacheco*), disapproved on other grounds by *People v. Trujillo* (2015) 60 Cal.4th 850, 858 & fn. 5 and *People v. McCullough* (2013) 56 Cal.4th 589, 599.)

In *Pacheco,* the trial court listed all of the various fees and fines, including payment of a court security fee, *after* suspending sentence and placing the defendant on probation "under the following terms and conditions." (*Id.* at pp. 1396 & fn. 3, 1403.) After reciting these terms, the trial court also asked the defendant if he accepted probation " 'under those terms and conditions,' " to which he answered affirmatively. (*Id.* at p. 1396, fn. 3.) The record was ordered to be clarified because such a fee was "collateral" to the defendant's punishment and "a defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees." (*Id.* at pp. 1402–1403.)

10

Although the minutes specifically state the supervised probation fee is not imposed as a condition of probation, with respect to the other fees the record here is indistinguishable to that in *Pacheco*. The appropriate remedy is to modify the order granting probation to clarify that payment of these collateral fees is imposed as a separate order. (See, e.g., *People v. Kim*, *supra,* 193 Cal.App.4th at pp. 847–848.) Therefore, the sentencing minute order should be modified to clarify that the probation supervision fee, court security fee, and criminal assessment fee are imposed as separate orders and not probation conditions.

### III.    DISPOSITION

The probation condition "You are not to be a member of any gang" is affirmed without change.

The probation condition "You are not to associate with any person known to be a gang member" is modified to provide: "You are not to associate with any person whom you know to be, or whom the probation officer informs you is, a gang member."

The probation condition "You are not to wear or display any gang colors, clothing, or insignia" is modified to provide: "You are not to wear or display any colors, clothing, or insignia that you know or that the probation officer informs you have gang significance."

The probation condition "You are not to frequent any areas of gang-related activity" is modified to provide: "You are not to visit or remain in any area which you know to be, or which the probation officer informs you is, an area of gang-related activity."

The trial court is directed to further modify the May 30, 2014 minute order to reflect that the supervised probation fee, court security fee, and criminal assessment fee are imposed as separate orders and not conditions of probation.

In all other respects the judgment is affirmed.

11

_____
BRUINIERS, J.

WE CONCUR:


_____
JONES, P. J.


_____
SIMONS, J.