Filed 7/26/16  P. v. Stonebreaker CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069260 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN349682) |
| JENNIFER STONEBRAKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed as modified and remanded with directions.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Annie Featherman Fraser, and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

As part of a plea agreement, Jennifer Stonebraker entered a guilty plea to one count of corporal injury to a cohabitant (Pen. Code,[1] § 273.5, subd. (a)). The remaining counts and allegations were dismissed.

Stonebraker was granted probation subject to a number of terms and conditions. Stonebraker's application for a certificate of probable cause was denied. (§ 1237.5.) She thereafter filed a notice of appeal challenging her sentence.

Although she did not object to any of the proposed conditions of probation Stonebraker now contends two conditions are unconstitutionally overbroad. On appeal she contends the condition requiring her to get the probation officer's approval of her residence and her employment improperly restrict her rights of freedom of movement and association. Stonebraker further contends that her failure to object in the trial court does not amount to forfeiture because the conditions restrict a constitutional right and can be reviewed on the record without reference to the facts of the case. (*In re Sheena K.* (2007) 40 Cal.4th 875.)

After reviewing the record, we find Stonebraker has not forfeited the challenge to the two probation conditions and that the conditions are impermissibly overbroad as they limit protected rights without any demonstrated nexus to either the crime or the defendant's rehabilitation.[2] Accordingly, we will modify the judgment to strike the

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Appellant also argues that if we find forfeiture, we must find trial counsel was ineffective. Since we do not apply forfeiture here, we will not discuss the claim of ineffective assistance of counsel

challenged conditions.  We will remand the case to the superior court with directions to modify its order.

STATEMENT OF FACTS

On September 1, 2015, Stonebraker and her boyfriend, Wayne Bowling, were in their apartment.  Stonebraker began pushing Bowling, which caused him to fall over backwards and hit his head.  Bowling was unconscious for an unknown period of time.

DISCUSSION

Without objection, the trial court imposed a condition of probation that Stonebraker get approval from the probation officer of her employment and her residence.  The challenged condition was not discussed by the court, and it is not addressed in the body of the probation report.  What we can glean from the probation report is that Stonebraker is disabled due to her mental condition, receives disability payments and has not been employed since 2013.  There is no discussion in the report about concerns regarding any choice of residence she might make.  The court did issue a restraining order to prevent the defendant from contacting the victim.

A.  Legal Principles

We independently review a challenge to the constitutionality of probation conditions.  (*People v. Cromer* (2001) 24 Cal.4th 889, 899-902; *In re Shaun R*. (2010) 188 Cal.App.4th 1129, 1143.)

Ordinarily, failure to object to a proposed condition of probation amounts to a forfeiture of the issue on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.)  The court has recognized an exception to forfeiture in cases where the imposition of an

3

unconstitutional probation condition is "correctable without referring to factual findings in the record or remanding for further findings . . . ." (*In re Sheena K., supra*, 40 Cal.4th at p. 887.)

Since there are no factual findings, or even discussion of the challenged conditions in the record, we believe we are bound to follow *In re Sheena K., supra,* 40 Cal.4th 875, and find the challenge to the residence and employment approval has not been forfeited.

Turning to the validity of the current restrictions, several cases have addressed the issues. In *People v. Burden* (1988) 205 Cal.App.3d 1277, 1281 (*Burden*), this court addressed a restriction that limited certain types of employment for the defendant. We observed that *People v. Lent* (1975) 15 Cal.3d 481, 486, permits courts to impose probation conditions unless they have no relationship to the crime for which the defendant was convicted, relates to conduct that is not itself criminal, and requires or forbids conduct that is not reasonably related to future criminality. (*Burden, supra*, at p. 1279.)

In *Burden, supra*, 205 Cal.App.3d 1277, we determined that the restriction on employment was an improper limitation on the right of the defendant to engage in lawful employment as it bore no relationship to the crime or the defendant's rehabilitation. (*Id.* at p. 1280.)

In *People v. Bauer* (1989) 211 Cal.App.3d 937, 944, the court found a probation condition, which required the defendant to seek the probation officer's approval of residence, was an improper restriction on the right to travel and freedom of association.

4

The court held the condition was not narrowly drawn to balance the need to prevent recidivism as opposed to the exercise of the right to engage in otherwise lawful behavior.

B.  Analysis

We recognize probation officers need substantial discretion in order to supervise persons who have been placed on probation following conviction.  (*People v. Kwizera* (2000) 78 Cal.App.4th 1238.)  Such discretion can, in an appropriate case, limit otherwise lawful activity that might lead the probationer to continue criminal conduct.  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626.)

In the present case there is nothing in the record, including the probation officer's report, which could justify restriction on employment or residence.  Certainly if a probationer is required to seek approval from the probation officer, that implies the officer could refuse.  In this case, there would be no guidance to the probation officer, or to a reviewing court as to why the condition was imposed.  Certainly nothing in the record before the trial court would explain the limitation.  From all that appears in the record the boxes were checked on the set of conditions without discussion or explanation.

Stonebraker has apparently not been employed for some time.  She suffers from a mental disability for which she receives monthly income.  As to her residence, the only concern, which would be apparent from the record, would be a possible proximity to the victim.  However, the court issued a restraining order preventing contact, which is not challenged on this appeal.

Since location of residence and choice of employment are otherwise lawful activities, treated as fundamental rights, we cannot uphold mere "check-the-box"

limitations on such rights without something in the record that justifies limiting otherwise lawful activity.

DISPOSITION

The formal probation order is modified to strike condition 10g. which requires the defendant to "Obtain P.O. approval as to residence [and] employment . . . ." The case is remanded to the trial court with directions to modify the formal probation order consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

_____

HUFFMAN, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

AARON, J.

6