Filed 7/22/25  P. v. Cabezas Andrade CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SANTIAGO CABEZAS ANDRADE,<br><br>Defendant and Appellant. | H052128<br>(Santa Clara County<br>Super. Ct. No. C2311292) |

Defendant Santiago Cabezas Andrade pleaded no contest to a single count of commercial burglary.  He challenges the trial court's imposition of a "no alcohol" probation condition as unrelated to his offense.  The Attorney General concedes the condition is improper and asks that it be struck from defendant's probation terms.  We will accept the Attorney General's concession and strike the condition.

## I.    TRIAL COURT PROCEEDINGS

The record contains few factual details regarding defendant's offense beyond that he was involved in stealing $93,000 of merchandise from multiple Louis Vuitton stores.  Defendant's probation report indicates that the company would not seek restitution because all items were recovered.

The Santa Clara County District Attorney charged defendant by complaint with two counts of grand theft of personal property having a value over $950 (Pen. Code, § 487, subd. (a)), and one count of organized retail theft occurring on two or more occasions with a value over $950 (§ 490.4, subd. (a)(1)).

As part of a negotiated disposition, the prosecution moved to amend the complaint to add a count of commercial burglary (Pen. Code § 460, subd. (b)), to which defendant entered a plea of no contest. The trial court dismissed the remaining counts on the prosecution's motion. The plea form included a waiver stating that "all loss in excess of $10,000 is tethered to the dismissed counts per *Harvey*[1] stipulation" and an agreement that defendant is to "stay away from all Louis Vuitton retail stores."

The trial court placed defendant on two years' formal probation, with conditions including 179 days in jail. Based on a citation defendant received for having open beer bottles in his car when he was arrested, the prosecution requested alcohol terms be added, specifically "testing conditions, no alcohol conditions, and also to complete a program." Responding to defendant's objection that the open container violation was unrelated to the retail theft offense, the trial court reasoned "it's more likely for him to be successful on probation, and given the facts regarding the alcohol here I think that's close enough". The court imposed a probation condition that defendant not "knowingly possess or consume alcohol or go to places where alcohol is a primary item of sale."

## II.    DISCUSSION

We review defendant's challenge to the reasonableness of a probation condition for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality... ." ' " "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (consequences may not be based on dismissed charges unless the defendant waives that right).

the condition is reasonably related to preventing future criminality." (*Id.* at pp. 379–380.) However, the third prong requires " 'more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1121.) Rather, there must be "a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ibid.*)

The Attorney General concedes that the "no alcohol" condition is unrelated to the commercial burglary offense, that it proscribes conduct that is not itself criminal, and that nothing indicates defendant is predisposed or more likely to commit crimes when under the influence of alcohol. We agree the record does not demonstrate that defendant has ever engaged in criminal conduct in connection with consuming alcohol. (*People v. Burton* (1981) 117 Cal.App.3d 382, 390 [striking alcohol condition]; see also *People v. Cruz Cruz* (2020) 54 Cal.App.5th 707, 712 [striking marijuana condition]; *People v. Kiddoo* (1990) 225 Cal.App.3d 922, 928 [striking alcohol condition], disapproved on another ground in *People v. Welch* (1993) 5 Cal.4th 228, 237.) We therefore find the Attorney General's concession is well taken.

### III.   DISPOSITION

The probation order is modified to strike the condition that defendant not knowingly possess or consume alcohol or go to places where alcohol is a primary item of sale. As so modified, the judgment is affirmed.

 

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H052128

*The People v. Cabezas Andrade*