Filed 4/25/16  P. v. Zavala CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067821 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF34465) |
| EDUARDO ZAVALA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Ruth Bermudez Montenegro, Judge.  Affirmed in part, modified in part with direction.

Daniel Yeager, under appointment by the Court of appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Hilton, Scott C. Taylor and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Eduardo Zavala pleaded no contest to one count of assault with a deadly weapon other than a firearm upon Alicia Zazueta (Pen. Code, § 245, subd. (a)(1); count 1)[1] in exchange for a stipulated grant of three years of probation, restitution, a stay away order, and dismissal of the remaining counts, which included one count of assault with a deadly weapon other than a firearm upon Jose Ramirez (§ 245, subd. (a)(1); count 2) and two counts of making criminal threats to Zazueta and Ramirez (§ 422, subd. (a); counts 3 & 4).[2]

On appeal, Zavala challenges certain conditions of probation imposed by the court:  abstinence from the use of alcohol, submission to alcohol or drug testing upon request, no association with known users or sellers of narcotics, no affiliation or association with gang members, and submission to warrantless search and seizure without probable cause.  He also challenges a criminal protective order prohibiting him from having contact with Zazueta for 10 years contending the order has no statutory basis.

The People concede the 10-year criminal protective order should be stricken as unauthorized and do not object to modification of the gang affiliation condition to include an express knowledge requirement.  Accordingly, we strike the 10-year criminal

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

[2]    The agreement included a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758.  "A defendant who signs the typical waiver form agrees to allow the sentencing judge to consider his entire criminal history, including any unfiled or dismissed charges." (*People v. Goulart* (1990) 224 Cal.App.3d 71, 80.)

protective order.  We also remand the matter to the trial court with directions to modify the condition regarding gang affiliation to add an express knowledge requirement.  In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On February 21, 2015, Zazueta was talking to Ramirez and another male friend in front of her apartment complex when Zavala and another male approached them.  Zavala called Zazueta a "bitch" and claimed she was responsible for his arrest on a prior occasion.  He pointed, made gang sign gestures, and said loudly, "Fuck West, You['re] Gonna Die Bitch[,] Fucking Whore."[4]  He threatened to hit and kill her with a shovel he was holding.  He also threatened Ramirez.

When police responded to the scene, Zazueta and her minor sons pointed toward Zavala who was standing near a truck holding a shovel and appeared to be intoxicated.  Zavala denied threatening anyone.  He stated he took the shovel from Ramirez, who Zavala said was threatening him.  The responding officer noticed a strong odor of alcohol emitting from Zavala's breath and person and his speech was slow and slurred.  Zavala admitted he had been drinking.

Zavala entered a plea of no contest as to the charge of assault with a deadly weapon other than a firearm upon Zazueta (§ 245, subd. (a)(1)) in exchange for three

---

[3]    The facts are drawn from the probation officer's report because there was no trial.

[4]    Although Zavala denied ties to street and/or prison gangs, the Imperial County Sheriff's computer database indicates he is affiliated with the Chicali street gang in Brawley, California and goes by the moniker of "Wasa."

years of probation, credit for time served, a stay away order, and dismissal of the remaining charges. He advised the court he accepted the plea agreement to avoid more harsh consequences that could occur if the case went to trial.

The court suspended imposition of sentence and granted probation for three years with credit for time served and imposed a number of conditions of probation. These conditions include seven Zavala contends are "unjustified": "6. Defendant shall totally abstain from the use of alcoholic beverages. [¶] 7. Defendant shall submit to alcohol/drug testing upon the request of the probation officer or any law enforcement officer. [¶] 8. Defendant shall not associate with any known users or sellers of narcotics. [¶] 9. Defendant shall not affiliate or associate with any identifiable gang members, and stay away from places where such congregate. [¶] 10. Defendant shall have no contact with the victim(s) [Zazueta], or any member of her family. This includes any communication personally or through a third party and whether verbal, written or by non-verbal conduct. (See criminal protective order.) [¶] 11. Defendant shall not annoy, harass, or threaten the victim(s) [Ramirez], whether personally or through a third party. [¶] … [¶] 14. Defendant shall submit his person and property, including vehicles and place of abode, to warrantless search and seizure at any time of the day or night, with or without probable cause, by the probation officer or by any law enforcement officer."

Zavala's counsel objected to conditions 6 though 9 and 14 as lacking sufficient nexus and inappropriate for this type of case.[5]  Zavala appeals the imposition of certain conditions of probation, not affecting the validity of the plea.  (Cal. Rules of Court, rule 8.304(b)(4)(B).)

DISCUSSION

I

*General Principles and Standard of Review*

Probation is a privilege, not a right.  (*In re York* (1995) 9 Cal.4th 1133, 1150.) " 'The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions.  [Citations.]  The primary goal of probation is to ensure "[t]he safety of the public … through the enforcement of court-ordered conditions of probation."  (Pen. Code, § 1202.7.)'  [Citation.]  Accordingly, the Legislature has empowered the court, in making a probation determination, to impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for

---

[5]     Zavala's counsel incorporated by reference an argument she made regarding the Fourth Amendment waiver condition before the same judge on a separate case, (*People v. Zamudio* (Dec. 11, 2015, D067818) [non.pub. opn.]), in which she argued blanket imposition of search conditions in every case is inappropriate and there must be a nexus to the crime.  Zavala moved to augment the record on appeal with a copy of a reporter's transcript of that argument, which was submitted in Zamudio's appeal.  The People opposed the motion.  We grant the motion to augment as to pages 11 through 14 of the reporter's transcript submitted with the motion.

the reformation and rehabilitation of the probationer … .' (Pen. Code, § 1203.1, subd. (j).)" (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)

"We review conditions of probation for abuse of discretion." (*Olguin*, *supra*, 45 Cal.4th at p. 379.) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' " (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

"Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality … ." [Citation.]' [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, *supra*, 45 Cal.4th at pp. 379-380.)

## II

### *Alcohol and Drug Conditions*

Conditions 6 through 8 of Zavala's probation include abstinence from alcohol use, submission to alcohol and drug testing upon request of the probation officer or law enforcement officers, and an order not to associate with known users or sellers of

narcotics.[6]  Zavala contends these conditions are not related to the crime, do not regulate illegal conduct, and are unrelated to future criminality.  We disagree.

A probation condition is reasonable when imposed to prevent future criminality. (*Olguin*, *supra*, 45 Cal.4th at p. 379.)  In exercising its discretion to impose conditions for probation, the court "may properly go beyond the exact confines of the current offense to consider all the relevant circumstances regarding the probationer."  (*People v. Patillo* (1992) 4 Cal.App.4th 1576, 1580, overruled on another point in *People v. Welch* (1993) 5 Cal.4th 228, 237.)

Zavala was obviously intoxicated during the incident in which he threatened Zazueta and Ramirez with a shovel saying he was going to kill them.  He made gang sign gestures and used aggressive and intimidating language.  He admitted he had been drinking, he smelled of alcohol, and his speech was slurred.  He told the probation officer he smokes marijuana and drinks alcohol socially.

Under the circumstances, we cannot say the court abused its discretion in ordering abstinence from alcohol use and submission to drug and alcohol testing to prevent future criminality.  The use of both alcohol and marijuana impair the senses and decrease self control.  "Sensorial impairment is present, there is a lessening of internalized self-control, and euphoria, accompanied by a reduction of anxiety, is experienced.  Alcoholic euphoria is accompanied by activity and aggressive behavior, while barbiturate and marijuana euphoria is accompanied by lethargy.  Drinking at any time, even for the social,

---

[6]      Zavala does not challenge the probation condition prohibiting use of drugs, narcotics, or other illicit substances not prescribed by a physician.

7

controlled drinker who can stop at will, can lead to a temporary relaxation of judgment, discretion, and control. … The bottom line … is … the physical effects of alcohol are not conducive to controlled behavior." (*People v. Smith* (1983) 145 Cal.App.3d 1032, 1034-1035.) In addition, there is a nexus between drug use and alcohol consumption. (*Id*. at p. 1035.)

Prior to this incident, Zavala was convicted of two misdemeanor charges of obstructing or resisting a police officer, one in 2012 and another in 2015. He performed poorly on probation in those cases, including committing the current offense while on probation. His current felony conviction suggests his crimes are increasing in seriousness. On the static risk assessment administered to Zavala, he fell within the "High Violent" category, meaning he is at high risk to reoffend. In addition, the offender needs guide assessment indicated Zavala has high needs in the area of aggression. We conclude the court did not abuse its discretion in imposing the alcohol and drug conditions. These conditions are reasonably related to prevention of future criminality by maximizing the opportunity for Zavala to control his aggression and behavior.

III

*Gang Affiliation Condition*

Probation condition 9 provides Zavala "shall not affiliate or associate with any identifiable gang members, and stay away from places where such congregate." Although Zavala does not dispute the evidence of his gang affiliation justifies the gang condition (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624-626), he contends the condition as worded is unconstitutionally vague and overbroad because it does not

include an express knowledge requirement.  The opening brief states, "a gang member may well be '*identifiable*' as such, yet be … not actually *identified* as such by [Zavala].  In addition, [Zavala], even if affiliated with a gang as alleged, could be unaware of where, exactly, the gang communes."

The People agree a condition of probation " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  They do not object to modification of the probation order to include a requirement Zavala know the prohibited persons are gang members and the prohibited places are where gang members congregate.  As such, we will remand this matter to the trial court with directions to modify probation condition 9 to include an express knowledge requirement.

IV

*Stay Away Conditions and Criminal Protective Order*

A

Condition 10 prohibits Zavala from having contact with Zazueta or her family.  Condition 11 prohibits Zavala from annoying, harassing, or threatening Ramirez.  These conditions are consistent with the plea agreement, in which Zavala agreed to enter a no contest plea in exchange, in part, for a stay away order as to the parties involved.

Although Zavala included these conditions in his list of "unjustified" conditions in his opening brief, his counsel did not object to these conditions at the sentencing hearing and the opening brief presented no authority or argument to support the bald contention

9

these conditions are unjustified.  As such, any challenge to these conditions is waived. (*People v. Welch* (1993) 5 Cal.4th 228, 235 ["A timely objection [to probation conditions under consideration] allows the court to modify or delete an alleged unreasonable condition or to explain why it is necessary in the particular case.  The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis"]; "*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287 ["to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record"]; Cal. Rules of Court, rule 8.204(a)(1) (B)-(C).)

Even if we were to consider the untimely argument raised by Zavala in the reply brief, we would find no merit in his contention the stay-away conditions are not authorized.  Zavala recognizes stay-away conditions of probation are distinct from protective orders with a violation of a probation condition resulting in revocation of parole whereas a violation of a protective order is punishable as contempt.  (*People v. Petty* (2013) 213 Cal.App.4th 1410, 1424, fn. 13.)  Zavala also recognizes the sentencing court has broad discretion "to impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer … .'  (Pen. Code, § 1203.1, subd. (j).)"  (*Olguin*, *supra*, 45 Cal.4th at p. 379.)

Zavala pleaded no contest to assault with a deadly weapon after he threatened to kill Zazueta and Ramirez with a shovel for Zazueta's involvement in a prior arrest. His plea was in exchange, at least in part, for a stay-away order as to "all parties." The court acted within its discretion to impose stay-away conditions consistent with Zavala's plea agreement. (*People v. Petty*, *supra*, 213 Cal.App.4th at p. 1424 [no-contact condition of probation along with protective order was lawful under § 1203.1, subd. (j)]; compare with *People v. Robertson* (2012) 208 Cal.App.4th 965, 996 [no-contact order not authorized where defendant was sentenced to prison and prosecution presented no evidence justifying a need for the order].)

B

The People concede the 10-year criminal protective order imposed by the court as to Zazueta should be stricken because it lacks statutory authority. (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7 ["[a] claim that a sentence is unauthorized may be raised for the first time on appeal, and is subject to correction whenever the error comes to the attention of the reviewing court"].) Given the People's concession, we will strike the 10-year criminal protective order. As the People point out, either victim may seek a protective order under Code of Civil Procedure section 527.6, if necessary.

V

*Fourth Amendment Waiver*

Condition 14 provides Zavala "shall submit his person and property, including vehicles and place of abode, to warrantless search and seizure at any time of the day or night, with or without probable cause, by the probation officer or by any law enforcement

11

officer."  Zavala contends the search condition is unjustified in this case as a "standard" condition because it is unrelated to the offense or to future criminality.  We disagree.

"[W]arrantless search conditions serve a valid rehabilitative purpose."  (*People v. Balestra* (1999) 76 Cal.App.4th 57, 67 (*Balestra*).)  "[P]robation conditions authorizing searches 'aid in deterring further offenses … and in monitoring compliance with the terms of probation.  [Citations.]  By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers.'  [Citation.]  A condition of probation that enables a probation officer to supervise his or her charges effectively is, therefore, 'reasonably related to future criminality.' "  (*Olguin*, *supra*, 45 Cal.4th at pp. 380-381.)  " ' "The purpose of an unexpected, unprovoked search of defendant is to ascertain whether he is complying with the terms of probation; to determine not only whether he disobeys the law, but also whether he obeys the law.  Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation." ' "  (*Id.* at p. 382.)

Although we have acknowledged warrantless search conditions are " 'more common' in cases involving narcotics, weapons or theft" (*Balestra*, *supra*, 76 Cal.App.4th at p. 366), we have not limited the use of such a condition to those types of cases.  In *People* v. *Wardlow* (1991) 227 Cal.App.3d 360, 367, we upheld a search condition for a person convicted of child molestation who used drugs and alcohol before the majority of the molestations.  In *Balestra,* at pages 61-62 and 68, we upheld a search condition of probation in a case involving elder abuse.  In doing so, we noted because "a search

12

condition is necessarily justified by its rehabilitative purpose, it is of no moment whether the underlying offense is reasonably related to theft, narcotics, or firearms." (*Id*. at p. 67.)

Zavala relies upon the case of *In re Martinez* (1978) 86 Cal.App.3d 577 to support his argument a search condition should not be a standard condition of probation in all cases. In that case, during an incident when a crowd of individuals were protesting a police impound of an illegally parked car, the defendant threw a beer bottle toward a police car, which shattered and spewed beer over the officer. The defendant pleaded guilty to a misdemeanor of battery on a police officer. (*Id.* at pp. 579.) The court declined to say imposition of a search condition would be unreasonable in all cases where a defendant is convicted of an assault not involving the use of dangerous or deadly weapons. (*Id*. at p. 581.) However, the defendant, a former Marine who was honorably discharged, was married with three children, regularly employed, and had only one prior arrest and no prior convictions. (*Id.* at p. 582.) Under these circumstances, the court determined the search condition of probation was unwarranted because nothing in the defendant's past history or the circumstances of the offense suggested a propensity to resort to the use of concealed weapons in the future. (*Id*. at p. 583.)

Here, in contrast, Zavala pleaded no contest to assault with a deadly weapon, just not a firearm. Zavala's prior criminal history, which appears to be increasing in severity, unsatisfactory prior probation performance, use of alcohol and drugs, and affiliation with a street gang support the reasonableness of the search condition in this case to prevent future criminality.

13

## DISPOSITION

The criminal protective order is stricken. This matter is remanded to the trial court with directions to modify probation condition 9 to include an express knowledge requirement. The court shall prepare an amended abstract of judgment reflecting the modification and forward the amended abstract to the appropriate correctional authority. In all other respects, the judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

HALLER, J.

14